USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-14-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KENNETH WILTSHIRE,

                     Petitioner,                 11 Civ. 866 (PKC)

    -against-

                                                   MEMORANDUM
                                                   AND ORDER

UNITED STATES OF AMERICA,

                     Respondent.
-----------------------------------------------------------x
CURTIS WILTSHIRE,

                     Petitioner,                 11 Civ. 869 (PKC)

    -against-

UNITED STATES OF AMERICA,

                     Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Kenneth Wiltshire and Curtis Wiltshire, who are in federal custody, have filed motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motions are denied.

BACKGROUND

        On or about May 11, 2009, a Grand Jury sitting in this District returned Indictment 09 Cr. 485 against Curtis Wiltshire and his brother Kenneth Wiltshire. Count One of the Indictment charged Curtis Wiltshire with bank fraud accomplished through the misappropriation of personal information of his co-employees at the Federal Reserve Bank of

New York ("FRB-NY") to obtain student loans in their names in violation of 18 U.S.C. §§ 1344 & 2.  Count Two charged Curtis with aggravated identity theft in using the names, social security numbers and dates of births of persons in order to obtain the student loan proceeds in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b) & 2.  Counts Three and Four charged both Curtis and Kenneth with mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349, 1341 & 2.  Count Five charged both with aggravated identity theft in connection with the felonies charged in Counts Three and Four in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b) & 2.

I.   Curtis Wiltshire

Pursuant to a written plea agreement with the Government, Curtis pled guilty to Counts One and Two of the Indictment in satisfaction of all charges against him.  The plea agreement provided for a stipulated Sentencing Guidelines range principally of 27 to 33 months imprisonment for the bank fraud to be followed by a mandatory consecutive 24 months imprisonment on the aggravated identity theft, for a total imprisonment range of 51 to 57 months.  (Curtis Wiltshire Plea Agreement, attached at Answer of the U.S. in Response to Curtis Wilthire's 28 U.S.C. § 2255 Mot., Ex. B.)  In the plea agreement, the parties "stipulate[d]" that the loss amount exceeded $200,000, but was not more than $400,000.  (Id.)  The plea agreement also provided that Curtis would not seek a downward departure from the Guidelines, but could argue for a sentence outside the Guidelines.  (Id.)  The agreement further provided that the defendant "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Guidelines Range . . . ."  (Id.)

2

Curtis appeared before Magistrate Judge Gabriel Gorenstein to enter his guilty plea. Before accepting the plea, Magistrate Judge Gorenstein confirmed that Curtis had read the plea agreement and discussed it with his attorney prior to signing it. (10/6/09 Tr. 8:20-21, attached at Answer of the U.S. in Response to Curtis Wilthire's 28 U.S.C. § 2255 Mot., Ex. C.) Magistrate Judge Gorenstein also confirmed that Curtis understood that under the plea agreement "if you get a prison sentence that is 57 months or less, you are giving up your right to complain about that sentence, either through an appeal to the Court of Appeals or through an application to the trial judge such as through a writ of habeas corpus." (10/6/09 Tr. 11:8-14.) The Judge explained the rights Curtis would have if he went to trial and the rights he would be giving up by pleading guilty and Curtis expressed his understanding. (10/6/09 Tr. 6:18-7:22.) Curtis set forth the factual basis for his plea of guilty. (10/6/09 Tr. 14:5-16:8.) Magistrate Judge Gorenstein accepted the guilty plea. (10/6/09 Tr. 16:12-19.) This Court subsequently accepted the guilty plea.

At the time of sentencing before this Court, Curtis' attorney confirmed that, apart from an issue related to restitution, there were no objections to the facts set forth in the Presentence Report. (2/11/10 (CW) Tr. 6:5-8, attached at Answer of the U.S. in Response to Curtis Wilthire's 28 U.S.C. § 2255 Mot., Ex. D.) Separately, Curtis' attorney confirmed that there was no objection to the Guidelines calculation set forth in the Presentence Report, which the Court then adopted. (2/11/10 (CW) Tr. 7:22-24.) Before pronouncing sentence, this Court announced a proposed sentence of principally 16 months imprisonment on the bank fraud count and 24 months imprisonment on the aggravated identity theft to run consecutively, for a total of 40 months – a sentence outside and below the advisory Guidelines. (2/11/10 (CW) Tr. 37:1-16.) The reasons for the sentence were explained at length on the record. The Court then inquired

3

whether "the defendant or his counsel had any objection [to] the sentence I propose to impose . . . ." (2/11/10 (CW) Tr. 37:17-18.) Defense counsel responded in the negative and sentence was pronounced. (2/11/10 (CW) Tr: 37:19, 38:4-40:8.)

    II.    <u>Kenneth Wiltshire</u>

Kenneth Wiltshire entered into a plea agreement with the Government pursuant to which he agreed to plead guilty to two counts of a superseding information, S1 09 Cr. 485, charging him with mail fraud affecting a financial institution and with aggravated identity theft. Kenneth's role in the offense was broader than that of Curtis and he agreed that the loss amount for sentencing purposes was in excess of $400,000, but not more than $1 million. (Kenneth Wiltshire Plea Agreement, attached at Answer of the U.S. in Response to Kenneth Wiltshire's 28 U.S.C. § 2255 Mot., Ex. B.) The stipulated Guidelines range in terms of imprisonment was 33 to 41 months on the mail fraud and a mandatory consecutive 24 months on the aggravated identity theft, for a total range of 57 to 65 months. (Id.) In the plea agreement, Kenneth waived his right to seek a downward departure from the Guidelines, but preserved his right argue for a sentence outside the Guidelines. (Id.) Kenneth's agreement also provided that he "will not file a direct appeal, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Guidelines Range . . . ." (Id.)

Magistrate Judge Henry Pitman presided at the proceeding at which Kenneth entered his guilty plea. Kenneth confirmed that he had read and signed the plea agreement after first discussing it with his attorney. (9/15/09 Tr. 5:14-6:5, attached at Answer of the U.S. in Response to Kenneth Wiltshire's 28 U.S.C. § 2255 Mot., Ex. C.) Kenneth was informed of the rights he would have if went to trial and the rights he would be giving up by pleading guilty and confirmed that he understood the consequences of pleading guilty. (9/15/09 Tr. 17:2-18:19.)

Kenneth also confirmed that he was "agreeing that the appropriate sentencing range is 57 to 65 months imprisonment." (9/15/09 Tr. 15:16-21.) Kenneth expressed his understanding that as part of "your agreement with the government you are giving up any right you might otherwise have to challenge your sentence so long as the sentence does not exceed 65 months imprisonment." (9/15/09 Tr. 21:20-22:1.) Kenneth admitted the essential facts of the crime. (9/15/09 Tr. 19:5-21:9.) Magistrate Judge Pitman found that the plea was "knowing and voluntary . . . ." and accepted the plea. (9/15/09 Tr. 23:5-13.) This Court accepted the plea.

At the sentencing before this Court, defense counsel confirmed that there were no objections to the facts set forth in the Presentence Report, after one minor correction. (2/11/10 (KW) Tr. 3:10-4:6, attached at Answer of the U.S. in Response to Kenneth Wiltshire's 28 U.S.C. § 2255 Mot., Ex. D.) Counsel for the defendant also had no objections to the Guidelines calculation in the Presentence Report, which this Court then adopted. (2/11/10 (KW) Tr. 8:20-9:3.) The Court explained at length the reasons for the sentence to be imposed and why it had elected to give a sentence within the Guidelines range, albeit at the lowest point in the range. (2/11/10 (KW) Tr. 18:18-25:3.) The Court announced a proposed sentence of 33 months imprisonment on Count One followed by a 24 month mandatory consecutive sentence on Count Two and inquired whether the "defendant or his counsel have any objections to the Court's proposed sentence or to its statement of reasons therefore." (2/11/10 (KW) Tr. 24:21-25:6.) Counsel responded in the negative and sentence was pronounced. (2/11/10 (KW) Tr. 25:7, 26:5-28:21.)

DISCUSSION

The motion of Curtis lacks much specificity. He asserts that his counsel should have objected to the government's assessment of his character and thus he was denied the

effective assistance of counsel. Curtis also argues that he did not know the victim co-employees and that as a result there was less of an abuse of trust than if he had known them. He also argues that the loss amount results in an unwarrantedly high Guidelines range and that a downward departure was appropriate. As his counsel did not advance these arguments, Curtis asserts that his counsel was ineffective.

Kenneth argues that he was denied effective assistance of counsel because, in his view, his counsel should have argued that the Guidelines enhancements – sophisticated means and loss amount – overlapped with each other and with the mandatory consecutive 24 month term for aggravated identity theft. Kenneth also asserts that his counsel was ineffective because he should have argued for a downward departure.

The law in this Circuit is that a knowing, voluntary and competently advised waiver of a right to appeal in a plea agreement is enforceable. See United States v. Riggi, __ F.3d __, 09 Cr. 4391, 2011 WL 3487021, *2 (2d Cir. Aug. 10, 2011); United States v. Yemitan, 70 F.3d 746, 747 (2d Cir. 1995). "A violation of a fundamental right warrants voiding an appeal waiver." Riggi, 2011 WL 3487021 at *2. Examples of a violation of a fundamental right include expressions by the Court of racial bias or a failure to provide any rationale for a sentence. See United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000). Meaningful errors not violating a fundamental right do not void a waiver of appeal. Riggi, 2011 WL 3487021 at *3. The same principles that apply to a waiver of a right to appeal also apply to a waiver of the right to file a motion for relief under 28 U.S.C. § 2255. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001).

Here, neither petitioner has made a claim in his section 2255 motion that his plea agreement, including the waiver of the right to appeal or collaterally attack, was not knowingly

6

and voluntarily entered into. Each petitioner stated to the magistrate judge that he had read the plea agreement and discussed it with his attorney before signing it. Neither petitioner attempted to appeal his sentence, even though each was told that he had the right to appeal. (2/11/10 (CW) Tr. 40:2-9; 2/11/10 (KW) Tr. 28:22-29:4.) Neither petitioner was deprived of a fundamental right. As such, the waiver of the right to challenge a sentence within or below the stipulated Guidelines range under section 2250 in the plea agreements is valid and enforceable as to both Curtis and Kenneth.

That said, were this Court to reach the merits, it would conclude that each petitioner enjoyed the effective assistance of counsel. The plea agreements limited each of the petitioner's exposure and were the products of a strategic choice. Each defense counsel was effective in his advocacy at sentencing. The Court was fully apprised of the role each petitioner played in the offense, the degree of abuse of trust (in the case of Curtis) and the relative degree of sophistication of the means used (in the case of Kenneth). Indeed, the sentence of Curtis was below the advisory Guidelines range and the sentence of Kenneth was at the lowest end of the Guidelines range.

CONCLUSION

The motions of petitioner Kenneth Wiltshire, 11 Civ. 866, and of Curtis Wiltshire, 11 Civ. 869 are DENIED and the Clerk is directed to close both cases.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by* United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). This Court certifies pursuant to 28 U.S.C.

7

§ 1915(a)(3) that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

                                            P. Kevin Castel
                                          United States District Judge

Dated: New York, New York
       September 13, 2011